UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT H. SMITH,

    Plaintiff,

v.

SNOHOMISH COUNTY,

    Defendant.

CASE NO. C08-234-JLR-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a federal prisoner who is currently incarcerated at the Federal Detention Center at SeaTac, Washington. He brings this action under 42 U.S.C. § 1983 seeking monetary damages for alleged violations of his constitutional rights following his arrest by Everett Police in January 2007. The lone defendant in this action is Snohomish County.[1] Defendant has filed a motion for summary judgment seeking dismissal of plaintiff's claims. Plaintiff has filed a response to defendant's motion

---

[1] Plaintiff lists in his complaint two defendants identified only as "unknown county agents." Plaintiff has never identified these individuals by name and these individuals have therefore never been served. Accordingly, these individuals are not deemed parties to the instant action.

REPORT AND RECOMMENDATION
PAGE - 1

1 and defendant has filed a reply brief in support of its motion.[2] Following a careful review of
2 defendant's motion, the briefs of the parties, and the balance of the record, this Court concludes that
3 defendant's motion for summary judgment should be granted and that plaintiff's amended complaint
4 and this action should be dismissed with prejudice.

## DISCUSSION

6 Plaintiff alleges in his amended complaint that he was entitled to a judicial determination of
7 probable cause within 48 hours of his arrest by Everett Police on January 17, 2007, in accordance
8 with CrR 3.2.1 of the Washington State Court Rules, but he was not afforded a probable cause
9 hearing until January 24, 2007.[3] (Dkt. No. 7 at 5.) Plaintiff contends that the failure to timely
10 provide him a probable cause hearing violated his rights to due process and equal protection. (*Id.*)
11 Defendant argues in its motion for summary judgment that plaintiff was, in fact, afforded a probable
12 cause hearing within 48 hours of his arrest and that his complaint should therefore be dismissed with
13 prejudice. (*See* Dkt. No. 23.)

## Summary Judgment Standard

15 Summary judgment is proper only where "the pleadings, depositions, answers to
16 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
17 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
18 law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court

---

[2] Plaintiff has also filed a response to respondent's reply brief. (Dkt. No. 37.) Because such a brief is not contemplated by the rules of this Court, *see* Local Rule CR 7(b), the brief has not been considered by this Court in reaching its conclusion regarding the appropriate disposition of defendant's motion to dismiss.

[3] CrR 3.2.1(a) provides that "[a] person who is arrested shall have a judicial determination of probable cause no later than 48 hours following the person's arrest, unless probable cause has been determined prior to such arrest."

REPORT AND RECOMMENDATION
PAGE - 2

must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, __U.S.__, 127 S. Ct. 1769, 1776 (2007) (internal citation and quotation omitted). Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost,* 722 F.2d 960, 969 (2nd Cir. 1983).

Defendant has submitted in conjunction with its summary judgment motion evidence which establishes that plaintiff was afforded a timely probable cause hearing. Specifically, defendant has submitted the declaration of the Honorable Roger Fisher, Snohomish County District Court Judge. (*See* Dkt. No. 24.) Judge Fisher makes clear that he presided over a hearing involving plaintiff on January 18, 2007, and that that hearing would necessarily have involved him making a finding of probable cause. (*Id*. at 2.) Defendant has also provided the declarations of Snohomish County Deputy Prosecutor Cindy Larsen and of Snohomish County Public Defender Natalie Tarantino. (*See* Dkt. Nos. 25 and 27.) Ms. Larsen and Ms. Tarantino both confirm that they participated in plaintiff's January 18, 2007, hearing. (*Id*.) Both confirm as well that during that hearing, Ms. Tarantino stipulated to probable cause on plaintiff's behalf. (*Id*.)

Defendant has also submitted in support of its summary judgment motion a CD which purportedly contains a copy of the recorded probable cause hearing involving plaintiff on January 18, 2007. (Dkt. No. 30.) The Court has been unable to listen to the recording because the formatting of the CD appears to be incompatible with the listening devices available to the Court. However,

plaintiff, in conjunction with his response to defendant's summary judgment motion, has provided the Court with a copy of the transcript of the January 18, 2007, hearing before Judge Fisher. (*See* Dkt. No. 34, Ex. C.) The transcript is entirely consistent with the statements made by Judge Fisher, Ms. Larsen and Ms. Tarantino in their respective declarations.

Finally, defendant has submitted in conjunction with its summary judgment motion the declaration of Patricia Pendry, the Records and Data Management Supervisor for the jail. (Dkt. No. 26.) Ms. Pendry states that upon being booked into the Snohomish County Jail on January 17, 2007, plaintiff was automatically assigned an initial court appearance date of January 18, 2007. (*Id*. at 2.) She further states that jail records indicate that plaintiff was taken to court on that date.[4] (*Id*.)

Plaintiff, in his response to defendant's summary judgment motion, claims that the records regarding the probable cause hearing are inaccurate and therefore inadequate to establish that defendant is entitled to judgment as a matter of law. Plaintiff begins by asserting that he appeared in Snohomish County Superior Court for the first time on January 23, 2007. Plaintiff has submitted records from the Snohomish County Superior Court which do appear to indicate that plaintiff's first appearance in Superior Court was on January 23, 2007. (*See* Dkt. No. 34, Ex. A.) Those records also indicate that charges were first filed against plaintiff in Superior Court on January 22, 2007, and that the January 23, 2007, court appearance was intended to be plaintiff's arraignment on those charges.[5] (*See id*.) The fact that criminal proceedings were not initiated in Superior Court until several days after plaintiff's arrest does nothing to undermine the evidence presented by defendant demonstrating that plaintiff appeared before the Snohomish County District Court the day following

---

[4] Ms. Pendry states in her declaration that the jail records indicate that plaintiff was taken to Snohomish County Superior Court on January 18, 2007. However, Judge Fisher, Ms. Larsen, and Ms. Tarantino all indicate that the January 18, 2007, hearing was a video hearing with plaintiff and Ms. Tarantino present in the jail courtroom and Judge Fisher and Ms. Larsen appearing via video.

[5] Plaintiff was actually arraigned on January 24, 2007. (*See* Dkt. No. 34, Ex. A at 4.)

REPORT AND RECOMMENDATION
PAGE - 4

1 | his arrest for a probable cause/bail hearing.

2 | Plaintiff next challenges the accuracy of the information provided by Ms. Pendry in her declaration and suggests that her statements undermine defendant's claim that plaintiff did, in fact, appear for a hearing on January 18, 2007. (*See* Dkt. No. 34 at 4.) Plaintiff notes that according to Ms. Pendry he was removed from his housing module at 12:37 p.m. on January 18, 2007, and was returned to his housing module at 1:39 p.m.. (*Id.*) He further notes that the bail hearing transcript for that date reflects a hearing time of 1:28 p.m.. (*Id.*) Plaintiff argues that it would have been impossible to complete the hearing and have him returned to his housing unit at 1:39 p.m., only 11 minutes later. (Dkt. No. 34 at 4.) Admittedly, the time-line offered by Ms. Pendry seems improbable if plaintiff had, in fact, been transported to the Superior Court for the hearing. However, as noted above, Judge Fisher, Ms. Larsen, and Ms. Tarantino all confirm that the January 18, 2007, hearing was conducted via video and that plaintiff participated from the jail. These circumstances render Ms. Pendry's proffered time-line entirely reasonable.

Finally, plaintiff suggests that defendant is somehow confused regarding the nature of the January 18, 2007, hearing as it is variously referred to by defendant as a probable cause hearing, a bail hearing, and a preliminary hearing. (*See* Dkt. No. 34 5-6.) Regardless of how defendant may have referred to the January 18, 2007, hearing, either in its summary judgment motion or in discovery, the record makes clear that a determination of probable cause was made at that hearing. Plaintiff offers no evidence to the contrary.

As the record before this Court makes clear that there is no genuine issue for trial, this Court recommends that defendant's motion for summary judgment be granted and that this action be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 5

## 28 U.S.C. § 1915

Defendant also requests in its summary judgment motion that the Court find that plaintiff's lawsuit is frivolous and characterize the dismissal of this action as a dismissal under 28 U.S.C. § 1915(g). A review of plaintiff's complaint, and the summary judgment materials submitted by the parties, reveals that there is no legal or factual basis for plaintiff's claims against defendant. In this Court's view, the claims set forth by plaintiff in his amended complaint are utterly frivolous. This Court therefore recommends that plaintiff's amended complaint, and this action, be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that this be counted as a dismissal under 28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons, this Court recommends that defendant's motion for summary judgment be granted, that plaintiff's amended complaint, and this action, be dismissed with prejudice under § 1915(e)(2)(B)(i), and that this be counted as a dismissal under § 1915(g). A proposed order accompanies this Report and Recommendation.

DATED this 12th day of September, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge